**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT MONTGOMERY, #12868-045,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv–1289−JPG** |
| | ) | |
| **MS. G. CREWS,** | ) | |
| **RIGSBY,** | ) | |
| **ROSALIND ROBINSON,** | ) | |
| **HUSTON,** | ) | |
| **K. SEELY,** | ) | |
| **JOHN DOE 1,** | ) | |
| **JOHN DOE 2,** | ) | |
| **JOHN DOE 3,** | ) | |
| **K. WILSON,** | ) | |
| **K. ALLEN, and** | ) | |
| **STONE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Robert Montgomery, an inmate in the Federal Correctional Institution in Yazoo City, brings this action for violations of his constitutional rights by persons acting under the color of federal authority that allegedly occurred at the Federal Correctional Institution in Greenville, Illinois and the United States Penitentiary in Florence, Colorado. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In his Complaint, Plaintiff claims the defendants have violated his Fifth Amendment due process rights and First Amendment right to be free from retaliation. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening –** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

> prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

As a part of screening, the Court is also allowed to sever unrelated claims against different defendants into separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that the practice of severance is important, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. This practice is encouraged. The Seventh Circuit Court of Appeals has recently warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

*See also Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them). Consistent with *George*, *Owens*, and *Wheeler*, unrelated claims will be severed into new cases, given new case numbers, and assessed separate filing fees.

**The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on September 6, 2016, a dark paper-like substance was discovered in Plaintiff's cell by C.O. Burggraf. (Doc. 1, p. 7); (Doc. 1-1, p. 10). Lieutenant Phillips conducted an institutional N.I.K. Testing Kit that "displayed a presumptive positive for methamphetamine." (Doc. 1-1, p. 10). Plaintiff and his cellmate were both ordered to submit a urine analysis. (Doc. 1, p. 7). Plaintiff repeatedly requested laboratory testing of the substance he was accused of possessing. *Id.*

On September 8, 2016, Defendant Seely "served Plaintiff with a SHOT for violation of institutional code #111-Introduction of Drugs/Alcohol." (Doc. 1-1, p. 11). On September 20, 2016, Plaintiff got a revised SHOT from Seely charging him with the lesser violation of "#113-Possession of any Narcotics, Marijuana, Drugs, Alcohol, etc." (Doc. 1-1, p. 12). On that date, Seely advised Plaintiff of his rights. *Id.* On October 5, 2016, Plaintiff was taken before Defendant Crews. *Id.* He asked about laboratory testing of the substance, but Crews told Plaintiff that none would be ordered because the case was not being referred for prosecution. *Id.* Crews also admonished Plaintiff for interrupting the proceedings. *Id.* Crews found Plaintiff guilty of Possession of Drugs/Alcohol. (Doc. 1-1, p. 13). Among other things, 41 days of Plaintiff's good time credit was taken, and his security level was increased. (Doc. 1, p. 7).

Around October 11, 2016, Plaintiff attempted to speak with Defendant Huston about his "Inmate Classification Scoring." (Doc. 1-1, p. 13). Plaintiff was concerned that his score

increased by two points, from 21 to 23, since his arrival at Greenville. *Id.* Huston became hostile toward Plaintiff and ended the conversation. (Doc. 1-1, p. 14). Plaintiff also wrote a letter to Defendant Rigsby about his score, but Rigsby failed to respond. *Id.* While he was in SHU from September 6, 2016 to November 14, 2016, Plaintiff also tried to correct his score through conversations with Defendant Robinson. *Id.* Defendants Crews, Robinson, Rigsby, Huston, and Seely prepared transfer documents for Plaintiff and increased his security level to retaliate against him "for exercising his Fifth Amendment right to due process." (Doc. 1-1, p. 15). On or about November 14, 2016, Plaintiff was transferred to a high security institution, USP Florence in Colorado. (Doc. 1-1, p. 16).

Plaintiff makes several other claims regarding violations of his constitutional rights at USP Florence against John Does 1, 2, and 3, Wilson, Allen, and Stone. (Doc. 1, p. 7); (Doc 1-1, pp. 7-9, 16-22). Plaintiff requests monetary damages from the defendants. (Doc. 1, p. 8).

## **Severance**

The Court will begin its discussion of Plaintiff's claims by addressing the need for severance. Plaintiff's claims against John Does 1, 2, and 3, Wilson, Allen, and Stone stem from events that took place in USP Florence and are unrelated to the other claims in this action. Consistent with *George* and Federal Rules of Civil Procedure 18 and 20, the Court shall sever Plaintiff's claims stemming from USP Florence against John Does 1, 2, and 3, Wilson, Allen, and Stone into a separate action, and shall open a new case with a newly-assigned case number for them. A separate merits review shall be conducted in the severed case after it is opened and assigned to a judge. Plaintiff shall be assessed a new filing fee for the severed case.

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the

remaining claims of this *pro se* action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** Defendants violated Plaintiff's due process rights under the Fifth Amendment by denying his request for laboratory testing of the allegedly illicit substance he was charged with possessing.

**Count 2 –** Defendants violated Plaintiff's First Amendment right to be free from retaliation by preparing transfer documents for him, increasing his security classification points, and recommending he be transferred in response to various complaints and requests he made.

As discussed in more detail below, Count 2 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]

**Count 1 – Due Process**

Plaintiff's due process claim appears to be barred under the principles outlined in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Preiser*, the Supreme Court explained that restoration of good-conduct credits is available only in habeas corpus, not under § 1983, because such a claim would result in "shortening the length of ... actual confinement in prison." *Id.* at 487. This court cannot "award" Plaintiff any sentence credit. Plaintiff's request for money damages as opposed to injunctive relief does not change the result. A request for damages instead of an injunction does not remove a case from the exclusive domain of habeas corpus. *See Heck*, 512 U.S. at 486–87, 489 (1994); *Whitfield v. Howard*, 852 F.3d 656, 661–62 (7th Cir. 2017). "A prisoner seeking money damages for the very fact or

---

[1] Plaintiff expresses a desire to sue under the Eighth as well as Fifth and First Amendments for this denial of laboratory testing and the punishment that stemmed from it. Because the facts of this case do not support an Eighth Amendment claim for cruel and unusual punishment and are instead suited for a Fifth Amendment due process claim and a First Amendment retaliation claim, the attempted Eighth Amendment claim shall be considered dismissed without prejudice for failure to state a claim upon which relief may be granted.

duration of his confinement has no claim under § 1983 'unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.'" *Ward v. Akpore*, 702 F. App'x 467, 468 (7th Cir. 2017) (citing *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997)).

Plaintiff's disciplinary hearing resulted in the revocation of good time credit. Thus, based on *Heck*, before he can bring a claim for money damages for any denial of his constitutional rights at the hearing, Plaintiff must first obtain a favorable termination of this revocation. If this revocation has already been reversed,[2] the Court still finds that Plaintiff's allegations fail to state a due process claim upon which relief may be granted.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). That statement must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011).

Plaintiff's main contention appears to be that he was unable to present the evidence he wanted in his defense–namely, laboratory test results of the allegedly illicit substance. "Prison

---

[2] The final document attached to Plaintiff's Complaint is a response to Plaintiff's Regional Administrative Remedy Appeal. (Doc. 1-2, p. 35). It indicates that Plaintiff's incident report was expunged. *Id.* If that is the case, and Plaintiff's good time credit has been returned to him, *Heck* would not serve to bar Plaintiff's due process claim. Plaintiff claims in his Complaint that he lost 41 days of good time credit, however, and does not clearly suggest that it has been returned, so whether or not it has been returned remains unclear. (Doc. 1-1, p. 24).

administrators are not obligated to create favorable evidence or produce evidence they do not have, however." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017). Without a specific reason to doubt the field test that was conducted, the hearing officer could rely on the results. *Id.* (citing *Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016) (noting, in prison-discipline context, that guard's lay identification of substance might be sufficient depending on guard's training and experience); *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004) (concluding that, even in criminal cases, "neither expert testimony nor a chemical test of the substance" is necessary to prove that substance is prohibited); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898-99 & n.3 (5th Cir. 2000) (concluding that results of field test of controlled substance satisfied "some evidence" standard)).

Plaintiff does not clearly allege that he was deprived of due process in the context of his disciplinary hearing apart from the denial of his request for laboratory tests. The Court therefore finds that Plaintiff's has failed to state a claim upon which relief may be granted based on his claims that prison officials failed to provide laboratory tests of the allegedly illicit substance, on top of the field tests that were conducted and the other evidence that was presented at the hearing. Accordingly, Count 1 will be dismissed without prejudice.

**Count 2 – Retaliation**

The Court is aware of the Supreme Court's recent decision in *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854 (7th Cir. 2017) suggesting that the only valid contexts for constitutional claims against federal officers are those previously recognized by that Court under the Fourth, Fifth, and Eighth Amendments. However, the Seventh Circuit has long recognized the viability of a claim by a federal prisoner for retaliation in violation of the First Amendment. *See, e.g.*, *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). The Court does not believe that § 1915A is an

appropriate vehicle to resolve the tension between these cases, particularly where, as here, the plaintiff proceeds *pro se*. This is a complex legal issue that would benefit from briefing by attorneys. The Court declines to address the proper application of *Ziglar* in this Order, but Defendants may raise the issue again at a later time.

That being said, to prevail on a claim of First Amendment retaliation, Plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future"; and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted)). Plaintiff suggests that Crews, Robinson, Rigsby, Huston, and Seely prepared transfer documents for him, increased his security classification points, and recommended he be transferred, in retaliation against him for requesting lab testing of the allegedly illicit substance and complaining about his security classification points. At this early stage, these allegations are sufficient to state a retaliation claim upon which relief may be granted. Count 2 will therefore proceed past threshold.

## Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **REFERRED** to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that all claims stemming from USP Florence against John Does 1, 2, and 3, K. Wilson, K. Allen, and Stone, which are unrelated to the other claims in this action, are **SEVERED** into a new case against **JOHN DOES 1**, **2**, and **3**, **K. WILSON**, **K. ALLEN**, and **STONE**.

The claims in the newly severed case shall be subject to screening pursuant to 28 U.S.C.

§ 1915A after the new case number and judge assignment is made. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1);
- Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2); and
- Plaintiff's Motion for Recruitment of Counsel (Doc. 3).

Plaintiff **will be responsible for an additional $350 filing fee** in the newly severed case.[3] No service shall be ordered in the severed case until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that the ***only claims remaining in this action are Counts 1 and 2, though Count 1 is being dismissed without prejudice***.

**IT IS FURTHER ORDERED** that **COUNT 2** will **PROCEED** against **CREWS**, **ROBINSON**, **RIGSBY**, **HUSTON**, and **SEELY**.

**IT IS FURTHER ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **JOHN DOES 1**, **2**, and **3**, **K. WILSON**, **K. ALLEN**, and **STONE** are **DISMISSED** from **this** action with prejudice for the reasons above.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on defendants **CREWS**, **ROBINSON**, **RIGSBY**, **HUSTON**, and **SEELY**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve defendants **CREWS**, **ROBINSON**, **RIGSBY**, **HUSTON**, and **SEELY** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[4] All costs of service shall be

---

[3] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status is granted.

[4] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint

advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendant with particularity. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

---

to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 1, 2018**

s/J. Phil Gilbert
**U.S. District Judge**